# EXHIBIT B

| | | |
|---|---|---|
| Robert D. Kline, | ) | IN THE COURT OF COMMON |
| | ) | PLEAS, MIFFLIN COUNTY, PA |
| PLAINTIFF | ) | CIVIL ACTION - LAW |
| | ) | NO. CV- 2020 - 123 |
| V. | ) | |
| | ) | |
| The Aliera Companies, Inc. & Shelley Steele | ) | |
| | ) | *Efiling 1* |
| | ) | |
| DEFENDANTS | ) | |

FILED MIFFLIN COUNTY
2020 MAR 25  PM 12: 58
PROTHONOTARY CLERK OF COURTS

## PLAINTIFF'S COMPLAINT

**PLAINTIFF**

Robert D. Kline
2256 Fairview Road
McClure, PA 17841
570-658-3448

Shelley Steele
990 Hammond Drive, Ste. 700
Atlanta, GA 30328

**DEFENDANTS**

The Aliera Companies, Inc. c/o
CT Corp System
289 S Culver Street
Lawrenceville, GA, 30046, USA

Robert D. Kline,                                          )     IN THE COURT OF COMMON
                                                          )     PLEAS, MIFFLIN COUNTY, PA
                PLAINTIFF                                 )     CIVIL ACTION - LAW
                                                          )     NO. CV- 2020 - 123
                    V.                                    )
                                                          )
The Aliera Companies, Inc. & Shelley Steele )
                                                          )
                                                          )
              DEFENDANTS                                  )

## NOTICE

You have been sued in court.  If you wish to defend against the claims set
forth on the following pages, you must take action within twenty (20) days after
this Complaint and Notice are served, by entering a written appearance
personally or by attorney and filing in writing with the court your defenses or
objections to the claims set forth against you.  You are warned that, if you fail to
do so, the case may proceed without you and a judgment may be entered
against you by the court without further notice for any money claimed in the
Complaint or for any other claim or relief requested by the Plaintiff.  You may
loose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU
DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET
FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION
ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE
ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT
MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED
FEE OR NO FEE.

MIDPENN LEGAL SERVICES
3 WEST MONUMENT SQUARE, SUITE 303
LEWISTOWN, PA 17044
717-248-3099

Robert D. Kline,     ) IN THE COURT OF COMMON
             ) PLEAS, MIFFLIN COUNTY, PA
   PLAINTIFF    ) CIVIL ACTION - LAW
             ) NO. CV- 2020 - 123
    V.      )
             )
The Aliera Companies, Inc. & Shelley Steele) JURY TRIAL DEMANDED
             )
             )
   DEFENDANTS  )

## PLAINTIFF'S COMPLAINT

### FACTS COMMON TO ALL COUNTS

1. Plaintiff, **Robert D. Kline**, is an adult individual who at all times relevant herein has a residence at 2256 Fairview Road, McClure, PA 17841 and is listed on the Pennsylvania Commonwealth "Do Not Call" registry.

2. Plaintiff hereby alleges that at all times mentioned herein Defendant, **The Aliera Companies, Inc. ("Aliera")** is in the business of selling health insurance plans interstate over the phone has officer located at 990 Hammond Drive, Ste. 700, Atlanta, GA 30328 and operates under the name or is associated with Trinity Health Care or Trinity Healthshare.

3. Plaintiff hereby alleges that at all times mentioned herein Defendant, **Shelley Steele ("Steele")** is the CEO of Aliera and was served with original process, being a writ of summons, at 990 Hammond Drive, Ste. 700, Atlanta, GA 30328.

4. Plaintiff believes and therefore avers that Defendants are engaged in concert to do, inter alia, the illegal telemarketing of insurance services through the use of their telephones by using live, robo and/or prerecorded calls as well as

other methods described herein to prospective client's cell phones either directly, through agents and/or subcontractors without a prospects written expressed written permission.

5.   Plaintiff avers that various calls described herein and placed by Defendants, their agents, subcontractors or employees to Plaintiff's cell phone utilized an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. §227 (a)(1) and is further described in the next paragraph.

6.   Plaintiff avers that, more specifically, Defendants and/or their agents at times use an ("ATDS") type equipment to do telemarketing which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person) which enables them to make automatic calls to potential clients.

7.   The telemarketing activities engaged in by Defendants as described herein are done in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA").

8.   Plaintiff, upon information and belief, hereby alleges that at all times mentioned herein Defendant Steele has personal liability for the violations of the TCPA described herein in that she has failed to supervise their agents, workers, subordinates, affiliates and lead generators to insure TCPA compliance and have specifically failed to provide Plaintiff a DNC policy as explained herein this Complaint.

9.   Plaintiff and Aleria are each a "person" as defined by 47 U. S. C.

§153(39).

10. Plaintiff avers that when Defendants' ATDS equipment calls prospective clients it causes "dead air" for a period of time after which an electronic "blip" is heard prior to an agent answering.

11.   Plaintiff avers that upon information and belief Defendant Steele has directly engaged in illegal telemarketing activities as she contracts with lead agents and marketing companies which regularly use illegal phone solicitation via ATDS machines and/or prerecorded calls all of which she knows or should know are done without permission of the person called and, thus, she has willfully and knowingly engaged in illegal activities under the TCPA.

12. Plaintiff believes and therefore avers that, since Steele has knowingly and willfully engaged in illegal telemarketing activities, therefore her activities and/or actions are ultra vires activities.

13.   Given that Steele has participated in ultra vires activities, she is not protected by the corporate veil of any corporation she would claim and is personally liable for her own illegal actions and vicariously liable for the actions of her agents, subcontractors and employees that she had involved in her scheme who violated the TCPA.

14.  The Communications Act of 1934 of which the TCPA is a part thereof, states, inter alia: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user as well as of that person." 47 U.S.C. § 217.

15.  Plaintiff avers that he is not and was not a customer of the Defendants prior to the phone calls described below.  Plaintiff further avers that he has never given his expressed written permission for Defendants or their agents to call him on his cell phone.

16.  The TCPA was designed to prevent calls like the calls described within this complaint, and to protect the privacy of citizens like the Plaintiff.

17.  Plaintiff avers that voluminous consumer complaints about abuses of telephone technology, such as computerized calls dispatched to private homes and cell phones, prompted Congress to pass the TCPA.

18.  When Congress enacted the TCPA, they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the phone subscriber may have to pay for each call.

19.  Plaintiff avers that in enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific finding that "technologies that might allow consumer to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer as illuminated in TCPA, Pub. L. No. 102-243 § 11.

20.  Plaintiff avers that Congress found that, inter alia, banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and

privacy invasion.

21. Plaintiff avers that the Federal Communication Commission ("FCC") has made ruling regarding the TCPA's vicarious liability standards as it relates to telemarketing and as early as 1995 and the FCC stated that calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call.

22. Plaintiff avers that the TCPA legislation was enacted to suppress illegal telemarketing calls that are like the call that is described herein as well as punish those who make them by allowing a private right of action that provides a statutory fine for the benefit of those affected.

23. Defendants or their agent's phone calls constitute calls that were not for emergency purposes as illuminated in 47 U.S.C. § 227(b)(1)(A) & (B).

24. Upon information and belief Plaintiff avers that Defendants were not registered as telemarketers in the Commonwealth of Pennsylvania as required by The Pennsylvania Telemarketing Registration Act 73 P.S. §§2241 – 2249 ("the Act") when they made the calls to Plaintiff.

25. The Act provides at § 2243(c), inter alia, that failure to register as required by the act constitutes a misdemeanor of the second degree.

## COUNT I - VIOLATION OF 47 U. S. C. §227(b)(1)(A)(iii)

26. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

27. Plaintiff avers that on January 21, 2020 at 2:42 PM his cell phone rang and he answered and heard the typical "dead air" or silence followed by an electronic "blip", which manifests an ATDS type call, after which an David came

on to make an offer for insurance.

28. During the phone call above David, who had a foreign sounding accent, the Plaintiff was asked various health related questions after which David transferred Plaintiff to a "Avatar" type device.

29. Said Avatar device had the name of "Grace."

30. Plaintiff provided Grace various answers in an effort to find out exactly who was illegally calling him.

31. Grace said she would transfer Plaintiff to an agent licensed in Pennsylvania and then he was transferred to Abraham Qhatri who said she was from Trinity Health Care or Trinity Healthshare after which the call was dropped.

32. The phone message described herein this Count provided a "do not call" "opt out" number during the robo portion which is required by the TCPA.

33. Plaintiff believes and therefore avers that discovery will show that Defendants are using a lead generation service to sell their services in various states to include the Commonwealth of Pennsylvania and that they made the call described herein this Count without being registered as a telemarketer.

34. Plaintiff believes and therefore avers that discovery will show that Defendants have called other prospective clients in the Commonwealth of Pennsylvania and have thus voluntarily availed themselves to the privileges of doing business in Commonwealth of Pennsylvania and are therefore subject to the jurisdiction of Pennsylvania courts.

35. Plaintiff avers that Defendants, by the doing of a single act in  the Commonwealth of Pennsylvania for the purpose of thereby realizing pecuniary

benefit or otherwise accomplishing an object with the intention of initiating a series of such acts, such as selling insurance, have therefore voluntarily availed themselves to the privileges of doing business in the Commonwealth of Pennsylvania and are therefore subject to the jurisdiction of Pennsylvania courts as per 42 Pa. C. S. A. 5301 et seq.

36.  Plaintiff avers that Defendants by violating the TCPA in their call to the Plaintiff have caused harm or a tortuous injury in the Commonwealth of Pennsylvania by an act or omission outside this Commonwealth as per 42 Pa. C. S. A. 5301 et seq.

37.  Plaintiff avers that Defendants have attempted to contract to sell services to Plaintiff in the Commonwealth of Pennsylvania and are therefore subject to jurisdiction here as per 42 Pa. C. S. A. 5301 et seq.

38. Plaintiff avers that Defendants have liability for the illegal acts of their agents' calls or lead generators, agents, subcontractors who called Plaintiff illegally as described above, since they are working in concert with them to do the illegal telemarketing of insurance products.

39. Plaintiff avers that said phone calls described herein this Count I was made without expressed written permission to Plaintiff which made for telemarketing purposes and violates the TCPA.

40.  Plaintiff has suffered concrete injury in fact because the calls of the Defendants and their agents, subcontractors caused him to have to stop what he was doing and to investigate a nuisance call as well as caused depletion of the battery life of his cell phone for the illegal, unwanted call.

41. Since calling the Plaintiff as described under Count I was made without written expressed permission of Plaintiff and was a telemarketing/ATDS/prerecorded call, Defendants have violated 47 U. S. C. §227(b)(1)(A)(iii) which entitles the Plaintiff to statutory damages of $500.00 for each call.

42. Plaintiff believes and therefore avers that, since Defendants work in concert and have a direct relationship with each other as well as other sophisticated businesses organizations as well as their various marketing and lead generation agents all of which "knowingly and willfully" engage in phone calling practices which are in violation of 47 U.S.C. 227 et seq., Plaintiff is therefore entitled to damages of $1500.00 as provided by the law for each willful violation referenced herein this Count I.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Hundred Dollars ($1500.00) for the call described herein this Count plus the costs of this action. Plaintiff also seeks additional compensation for claims that may be revealed during discovery.

## COUNT II - TRESPASS TO CHATTELS

43. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

44. Plaintiff, not Defendants, pays money to AT&T for the cell phone service which enables him to receive and make calls and texts on his cell phone and, therefore, his cell phone and cell phone services for all purposes herein are his personal property.

45. The phone calls which are identified and described herein were made illegally by or through Defendants to Plaintiff and were unwanted and unsolicited by Plaintiff and thus it illegally takes minutes from his calling plan.

46. Since said phone service described above is for all purposes herein Plaintiff's personal property to use as he sees fit and Defendants' calls to Plaintiff were    e made without his written permission, the Defendants are liable for trespass to chattels, since it diminishes the holding capacity of desired calls, reduces battery capacity and takes minutes from his calling plan and thus has damaged the Plaintiff while causing concrete injury in fact.

47. Since Plaintiff has had his property damaged by Defendants he is entitled to seek money damages from Defendants in the amount of One Dollar ($1.00) for each violation described herein this Complaint as well as all additional violations that are determined through discovery.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Dollar ($1.00) for the two calls plus the costs of this action.

### COUNT III - VIOLATION OF
### (Knowing and/or Willful Violation of the TCPA
### "Do-Not-Call Policy" Requirement 47 C.F.R. 64.1200 et seq.)

48. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

49. Plaintiff avers that he requested a copy of Defendants Do Not Call Policy and Defendants have failed to provide one to date.

50. Given the Defendants responsibility for the use of ATDS/robo technology and their failure to provide said policy, it is apparent that Defendants do not have

such a written policy which violates 47 C.F.R. 64.1200(d)(1).

51.   In the alternative, if Defendants claim that have such a policy, it is apparent that they do not follow it which is a violation of 47 C.F.R.  § 64.1200 et seq.

52. Plaintiff avers it is a violation of the TCPA to violate any of the FCC's implementing regulations under 47 C.F.R. § 64.1200 and thus there is an implied private right of action.

53. Plaintiff avers that Defendants, by ignoring or not attempting to follow the provisions of 47 C.F.R. 64.1200(d)(1), they have thus knowingly and willfully violated 47 C.F.R. §64.1200(d)(1).

54. As a result of Defendants' knowing and/or willful violations of 47 C.F.R. 64.1200(d)(1), Plaintiff seeks for himself treble damages, as provided by statute, up to $1500.00 for the violation described herein this Count for failing to have a "Do-Not-Call Policy" or, in the alternative, failing to abide by it.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Hundred ($1500.00) plus the costs of this action.

## COUNT IV – INVASION OF PRIVACY

55. All preceding and succeeding paragraphs are hereby incorporated as though fully pleaded herein.

56.   Plaintiff avers that Defendants, in their quest to make money in their campaign, do not use "Neustar" or "scrubbed" lists of phone numbers which are free from cell phone numbers and/or subscribers that are on the National "Do Not Call" registry nor are they even sure of who they call.

57. Defendants are a sophisticated telemarketing organization that acts volitionally, plays the odds as telemarketers do, ignores the rights of the Plaintiff as well as others and seems to be undeterred despite having been in violation of the law in numerous ways.

58. Given their failure to verify who they are calling and the frequency of the calls as well as all other averments pleaded in this suit thus far, Plaintiff considers the methods of conducting business and actions of the Defendants that are described herein to be outrageous and highly offensive that caused the Plaintiff anxiety, mental distress as well as loss of joy of life which constitutes injury in fact.

59. Defendants, by engaging in the illegal behaviors described herein, especially in light the legislation enacted by Congress, have thereby manifested intentional, wanton, reckless conduct that exceeds the limits of gross negligence which would absolutely be highly offensive to a reasonable person and constitutes invasion of privacy which U.S. Congress has affirmed violates the intent of the TCPA.

WHEREFORE Plaintiff demands judgment against Defendants in the amount of Two Thousand Dollars ($2,000.00) plus the costs of this action.

Respectfully submitted,

Robert D. Kline, J. D.
2256 Fairview Road
McClure, PA 17841
Telephone 570-658-3448

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

March 25, 2020

-----------------------------------------------------------------------------------

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief and I understand that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

March 25, 2020

## CERTIFICATE OF SERVICE

On March 25, 2020, I Robert D. Kline, Plaintiff herein served a copy of Plaintiff's Complaint on the defendants listed below via U. S. Mail, postage paid addressed as follows:

The Aliera Companies, Inc. c/o
CT Corp System
289 S. Culver Street
Lawrenceville, GA, 30046, USA

Shelley Steele
990 Hammond Drive, Ste. 700
Atlanta, GA 30328

Robert D. Kline, J. D. - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448